UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL WILLIAMS,

                      Petitioner,

        v.

JAIME LAMANNA,

                      Respondent.

No. 18-CV-2172 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

KENNETH M. KARAS, United States District Judge:

     Following a jury trial, pro se Petitioner Michael Williams ("Petitioner") was convicted in in the County Court of the State of New York, Dutchess County ("Dutchess County Court"), on four counts of criminal possession of a controlled substance in the third degree and four counts of criminal sale of a controlled substance in the third degree. (*See* Pet. for Writ of Habeas Corpus ("Petition") 1 (Dkt. No. 1).) On March 8, 2012, Petitioner was sentenced to a ten-year term of imprisonment relating to the criminal possession and sale of a controlled substance on July 15, 2010, and another ten-year term of imprisonment relating to the criminal possession and sale of a controlled substance on July 16, 2010, each to run consecutively, resulting in a twenty-year term of imprisonment to be followed by three years of post-release supervision. (*See* Aff. of Kirsten A. Rappleyea, Esq. in Opp. to Pet. ("Rappleyea Aff.") Ex. 18 ("Sentencing Tr.") at 16–19 (Dkt. No. 7-18).) On March 20, 2012, Petitioner filed a direct appeal through counsel. (*See id.* Ex. 19 (Dkt. No. 7-19).) On February 15, 2017, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department (the "Second Department"), affirmed the conviction. *See People v. Williams*, 47 N.Y.S.3d 421, 422–23 (App. Div. 2017). Petitioner then requested leave to appeal to the New York Court of Appeals. (*See* Rappleyea Aff. Ex. 23 (Dkt. No. 7-23).) On May 12, 2017, the New York Court of Appeals denied Petitioner's request. *See*

*People v. Williams*, 84 N.E.3d 979 (Table) (N.Y. 2017).  Thereafter, Petitioner collaterally attacked his conviction on September 5, 2017, filing a pro se motion to vacate the judgment under New York Criminal Procedure Law ("N.Y.C.P.L.") § 440.10.  (*See* Rappleyea Aff. Ex. 28 (Dkt. No. 7-28).)  The Dutchess County Court denied the motion on February 8, 2018, which decision Petitioner did not appeal.  (*See id.* Ex. 31 at 5 (Dkt. No. 7-31).)

On March 9, 2018, the instant Petition for Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 was docketed.  (*See generally* Petition.)  The matter was referred to the Honorable Judith C. McCarthy ("Judge McCarthy") on June 27, 2018.  (*See* Dkt. No. 11.)  On October 11, 2023, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court deny the Petition in its entirety, and concluding that: (1) the Dutchess County Court did not deprive Petitioner of his right to a public trial under the Sixth and Fourteenth Amendments when his family and friends were temporarily excluded from the courtroom, (*see* R&R 25–30 (Dkt. No. 14)); (2) the trial court did not violate Petitioner's Sixth Amendment right to be present at trial when it proceeded in his absence on the last day of testimony after he admittedly "jump[ed] bail," (*see id.* at 31–34; *see also* Sentencing Tr. at 11); (3) the prosecution's statements during summation did not deprive Petitioner of a fair trial, (*see* R&R at 35–37), nor did its use of slides, with certain portions of the record circled and highlighted, during summation, (*see id.* at 38); (4) Petitioner failed to raise a cognizable federal constitutional issue in connection with his sentence, (*see id.* at 39–40); (5) the trial judge's decision to discharge a juror—who agreed she could not be fair and impartial—did not violate Petitioner's constitutional rights, (*see id.* at 40–42); and (6) the combination of all errors alleged in the Petition and

described in the R&R did not render Petitioner's conviction constitutionally infirm, (*see id.* at 42–43). Petitioner has not filed any objections to the R&R.[1]

"When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error." *Carmichael v. Annucci*, No. 20-CV-10622, 2023 WL 2870340, at *1 (S.D.N.Y. Apr. 10, 2023); *see also Goodall v. Von Blanckensee*, No. 17-CV-3615, 2020 WL 1082565, at *1 (S.D.N.Y. 2020) (same); *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010) (same). "Clear error is found only when, upon review of the entire record, the Court is left with the definite and firm conviction that a mistake has been committed." *Whitley v. Bowden*, No. 17-CV-3564, 2019 WL 1953941, at *1 (S.D.N.Y. May 1, 2019) (quotation marks omitted); *accord United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). The Court has carefully reviewed the R&R and the Petition, and finding no substantive error, clear or otherwise, adopts the R&R.

Accordingly, it is hereby:

ORDERED that the R&R, dated October 11, 2023, is ADOPTED in its entirety.

ORDERED that the Petition is DISMISSED.

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Small v. Orange Cnty. Ct., Prosecutors Off.*, No. 18-CV-2716, 2020 WL 1082710, at *2 (S.D.N.Y. Mar. 5, 2020) (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir.

---

[1] Judge McCarthy provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, objections to the R&R were due within fourteen days from the receipt of the R&R, or seventeen days from the receipt of the same if the R&R was served upon the Parties by mail, and that the failure to object would constitute a waiver of Petitioner's right to appeal. (*See* R&R at 44–45.) Further, because Petitioner has been transferred to several different prisons during the pendency of the Petition, this Court reiterated this information in a separate Order dated December 19, 2023. (*See* Order (Dkt. No. 15).)

2000)), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *Whitted v. Stallone*, No. 11-CV-7569, 2016 WL 1268278, at *1 (S.D.N.Y. Mar. 30, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  It is further:

ORDERED that the Clerk of the Court is respectfully directed to close this case and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:   March 25, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge